IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-30041 |
| BENJAMIN GARCIA-GARCIA, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Benjamin Garcia-Garcia's Objection to Report and Recommendation (d/e 20) (Objection). Defendant Garcia-Garcia filed a Motion to Suppress Evidence (d/e 10) (Motion). On August 7, 2008, United States Magistrate Judge Byron G. Cudmore conducted an evidentiary hearing on the Motion. On September 3, 2008, Judge Cudmore issued a Report and Recommendation (d/e 15) recommending denial of the Motion. Upon the Defendant's timely Objection, this Court must review the matter de novo. 28 U.S.C. § 636(b)(1)(C). After careful review of the transcript of the evidentiary hearing (d/e 22) and the submissions of the parties, the Court overrules the

Objection, adopts the Report and Recommendation and denies the Motion.

STATEMENT OF FACTS

On April 15, 2008, at approximately 6:20 p.m., the Defendant was driving a red Ford minivan northbound on Interstate 55 (I-55) south of Springfield, Illinois, approximately one mile south of the intersection with Interstate 72. Interstate 55 is six lanes wide at that point. Illinois State Police Trooper Dustin Weiss was parked in a marked Illinois State Police squad car in the I-55 median with his vehicle facing east toward the three northbound lanes. Trooper Weiss' vehicle was parked perpendicular to the northbound lanes.

Trooper Weiss testified at the evidentiary hearing that he observed the Defendant's vehicle traveling northbound in the center lane of I-55. The Defendant's vehicle was traveling slower than the rest of the traffic. Trooper Weiss' estimated that the Defendant's speed to be 55 to 60 mph. He estimated that he was approximately twenty-five yards away from Defendant's vehicle at the closest point. Trooper Weiss wore contact lenses at the time. The contact lenses corrected his vision to 20/15 in his right eye and 20/20 in his left eye. Trooper Weiss testified that as the Defendant's minivan approached, he observed a pink "Christmas tree" air freshener

2

hanging from the Defendant's rear view mirror. The air freshener was approximately four inches long. Trooper Weiss also noticed that the Defendant did not look at the Trooper; and the Defendant appeared stiff and rigid.

Trooper Weiss decided to stop the Defendant's vehicle because the air freshener was obstructing the front windshield. Illinois law prohibits driving a vehicle, "with any objects placed or suspended between the driver and the front windshield . . . which materially obstructs the driver's view." 625 ILCS 5/12-503(c). Trooper Weiss admitted he did not pull over every vehicle that had an air freshener hanging from its rearview mirror. He stated that the Defendant's slow rate of speed and his stiff, nervous appearance were also factors in his decision to pull the Defendant over.[1]

After stopping the vehicle, Trooper Weiss issued the Defendant a warning for driving with an obstructed windshield. During the course of the stop, Trooper Weiss ascertained that the Defendant and his passengers were in the country illegally. The Defendant was arrested and charged in this

---

[1] The Defendant asserts that Trooper Weiss had a video camera in his vehicle, but the camera was not running. Objection, ¶ 1, incorporating by reference, Defendant's Pro Se Statement (d/e 17), at 3. Nothing in the record indicates whether Trooper Weiss' car was equipped with a video camera. Even if true, the lack of a video record would not change the outcome.

proceeding with Illegal Reentry After Deportation, and Transportation of Illegal Aliens, in violation of 8 U.S.C. §§ 1324(a)(1) and 1326(a)(1). Indictment (d/e 5).

The Defendant moved to suppress the evidence that Trooper Weiss secured at the stop. The Defendant contended that Trooper Weiss lacked probable cause to stop the minivan. The stop was therefore illegal. The Defendant contended that Trooper Weiss did not see the air freshener before deciding to make the stop because the side windows of the minivan were tinted. Defendant asserted that Trooper Weiss did not see the air freshener until after he made the stop and walked up to the driver's side of the Defendant's vehicle. According to the Defendant, Trooper Weiss thereafter fabricated the story about seeing the air freshener earlier to justify the stop. The Defendant also contended that Trooper Weiss lacked probable cause to stop him because the air freshener did not materially obstruct the Defendant's view.

At the evidentiary hearing, Trooper Weiss testified as described above. The Government also submitted photographs of the Defendant's vehicle taken on April 15, 2008, while the vehicle was still stopped on the shoulder of I-55. The first photograph was taken from the driver's side doorway with

4

the door open.  The photograph shows the air freshener and an infant's sandal hanging from the rear view mirror.  Two other photographs were taken from in front of the center of the hood of the minivan facing into the vehicle.  The photograph shows the air freshener and sandal hanging from the rear view mirror.  The photograph also shows a man sitting in the passenger seat wearing a white jacket. On cross examination, Trooper Weiss stated that he did not remember a man in the passenger seat wearing a white jacket.  The last photograph was taken from a vantage point that was on the grass next to the shoulder of I-55 and several feet in front of the vehicle.  The photograph again shows the air freshener and the sandal hanging from the rear view mirror and the man in the passenger seat.  This photograph also showed that the minivan did not have a front license plate.  Finally, the Government submitted into evidence the air freshener and the small sandal that had hung from the Defendant's rear view mirror, and also the warning citation signed by the Defendant.

    The Defendant testified at the hearing that he was driving northbound on I-55 in the center lane when he noticed the Trooper's vehicle in the median.  The Defendant testified that the tinted windows were rolled up.  The Defendant testified that he had the cruise control set at 63 mph.  After

5

he passed the parked squad car, the squad car pulled out of the median and its flashing lights were activated. The Defendant complied with the flashing lights and pulled over. According to the Defendant, the squad car did not pull along side of his vehicle before initiating the stop. During the stop, Trooper Weiss had the Defendant exit the minivan and sit in the squad car. The Defendant testified that Trooper Weiss did not explain the reason for the stop. Trooper Weiss disputes this. The Defendant, however, signed the warning for the obstructed windshield.

## ANALYSIS

Defendant Garcia-Garcia raises the same issues before this Court that he raised at the hearing. He argues that Trooper Weiss lacked probable cause to stop him because: (1) Trooper Weiss could not have seen the air freshener before initiating the stop; and (2) the air freshener did not materially obstruct the driver's view. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. An officer's decision to stop an automobile is reasonable if the officer has probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810 (1996). Probable cause exists if the circumstances facing the officer support a reasonable belief that a driver has committed even a minor

traffic offense. United States v. Cashman, 216 F.3d 582, 586 (7th Cir. 2000).

The first issue is whether Trooper Weiss' testimony was credible when he stated that he observed the air freshener hanging from the Defendant's rear view mirror as the Defendant passed him. The Court finds that his testimony is credible. The event occurred at 6:20 p.m. on April 15, 2008. It was daylight. Trooper Weiss was facing east with the sun to his back. The sun, therefore, was not shining in his eyes or creating any glare off his windshield. Trooper Weiss' vision was corrected to 20/15 in one eye and 20/20 in the other. The photographs show that the Defendant's front windshield was clear and that one could see into the vehicle through the windshield. Trooper Weiss, thus, could see into the Defendant's vehicle as the Defendant approached from the south. The photographs also show that the air freshener was visible and was hanging down from the rear view mirror.

The Defendant argues that Trooper Weiss is not credible because he was wrong about several details. The Defendant notes that Trooper Weiss: (1) was wrong about the speed that the Defendant was traveling; (2) did not notice the sandal hanging from the rear view mirror; (3) did not notice the

7

tinted windows; (4) did not notice the missing front license plate; and (5) did not notice the man in the passenger seat wearing the white jacket. The Defendant also argues that Trooper Weiss was too far away to see the air freshener as the Defendant passed him, and Trooper Weiss could not have seen the air freshener through the tinted glass. The Defendant notes that all of the pictures admitted into evidence were taken a few feet from the vehicle rather than from 25 yards away.

The Court disagrees with the Defendant's analysis of the evidence. With respect to the speed, Trooper Weiss primarily noticed that the Defendant was going slower than the rest of the traffic. He estimated 55 to 60 mph; the Defendant had his cruise control set below the speed limit at 63 mph. The Defendant, thus, was going slower than those traveling the speed limit (65 mph), and Trooper Weiss' estimate was only off by a few miles per hour (assuming Defendant's speedometer was accurate). Trooper Weiss also testified that he did not notice the tinted side windows initially as the Defendant's vehicle approached him, but Trooper Weiss noticed the tinted side windows as the Defendant's vehicle became even with his position.

The other matters that Trooper Weiss did not recall do not show a

lack of credibility. Trooper Weiss observed the driver's nervous appearance and saw the air freshener. He was not focused on the front license plate or the front passenger. Trooper Weiss did not see the sandal because it was hanging down below the air freshener near the top of dash board, as shown in the photographs. If anything, the fact that Trooper Weiss testified that he only saw the air freshener supports his credibility. If Trooper Weiss made up the traffic violation after the fact, he would have included the sandal as part of the obstruction warning that he issued to the Defendant; he did not. This supports his testimony that he only saw the air freshener. After a review of the evidence and the arguments of the parties, the Court finds that Trooper Weiss' testimony was credible. He observed the air freshener hanging from the Defendant's rear view mirror and stopped him based on that observation.

The second issue is whether the existence of the air freshener hanging from the rear view mirror gave Trooper Weiss probable cause to believe that a traffic violation had occurred. The Defendant argues that the air freshener did not materially obstruct the Defendant's view out of the front windshield, and so, Trooper Weiss lacked probable cause to stop the vehicle.

The test for probable cause is an objective analysis done from the view

of the reasonable officer under the circumstances at the time of the arrest. Kelley v. Myler, 149 F.3d 641, 646 (7th Cir. 1998). At the time of the arrest, a reasonable officer would have concluded that the Defendant had committed a traffic violation. The air freshener was hanging down obstructing part of the driver's view out of the front windshield. At the time of the arrest, the Court of Appeals had found that an air freshener hanging from a rear view mirror constituted a material obstruction in violation of Illinois traffic law. United States v. Smith, 80 F.3d 215, 219 (7th Cir. 1996); see also People v. Jackson, 335 Ill.App.3d 313, 780 N.E.2d 826 (Ill.App. 2nd Dist., 2002) (two air fresheners hanging from a rear window supported a finding of reasonable suspicion that a traffic violation occurred sufficient to validate an investigative stop). Under the factual circumstances and the state of the law, a reasonable officer would have found probable cause to believe that the Defendant had committed a traffic violation. The stop, therefore, was valid.

The Defendant cites a recent case in which the Illinois Appellate Court determined that an officer lacked reasonable suspicion to stop a vehicle when a string of opaque beads was hanging from a rear view mirror. People v. Cole, 369 Ill.App.3d 960, 874 N.E.2d 81 (Ill.App. 4th Dist., 2007). The

beads measured one-fourth of an inch in diameter. The arresting officer also did not testify that the beads obstructed the driver's view; rather, he stated that he believed that a violation occurred if anything was hanging from a rear view mirror. Cole, 874 N.E.2d at 89. Here, Trooper Weiss observed that the air freshener obstructed the driver's view through the front windshield. The photographs confirmed this. Further, the decision in Smith found that an air freshener could materially obstruct a driver's view in violation of Illinois law. The Cole case, therefore, is not controlling. Trooper Weiss had probable cause to believe that a traffic violation had occurred. The stop conformed to the requirements of the Fourth Amendment.

The Defendant also argues that the Court of Appeals in Smith stated that the issue was a close case, and the government's expert witness in Smith opined that an air freshener hanging from a rear view mirror was not a traffic violation. Smith, 80 F.3d at 219-20. The Court of Appeals made these observations, but still held that the officer had probable cause:

> In the instant case, the sole reason for the stop was the presence of an air freshener hanging from the rear view mirror. This reason is, nevertheless, sufficient because Fourth Amendment analysis is objective. Sergeant Delmore had probable cause to stop the [Mercury] Cougar, so the stop did not violate

11

[Defendant] Sanchez's Fourth Amendment Rights.

Id., at 219 (citations omitted) (emphasis added).  So it is here.  Trooper Weiss had probable cause to stop the Defendant's vehicle.  The Motion is denied.

THEREFORE, Defendant's Objection to Report and Recommendation (d/e 20) is OVERRULED.  The Report and Recommendation (d/e 15) is AFFIRMED.  The Motion to Suppress Evidence (d/e 10) is DENIED. IT IS THEREFORE SO ORDERED.

ENTER:   October 29, 2008

    FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                    JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE